IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-18-278; CCB-12-395 |
| | * | |
| MARKYTIS BROWN | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending is Markytis Brown's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (CCB-12-395, ECF 50; CCB-18-278, ECF 333).[1] Brown seeks relief on the basis that he suffers from asthma, and that FCI Cumberland, where he is currently incarcerated, is taking insufficient precautions to treat his condition.

The court is not persuaded that Brown's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[2] Brown does not include with his motion medical records that would support his contention that he suffers from asthma and he does not indicate the severity of his alleged condition. But even assuming that Brown could provide such documentation, the court does not find it constitutes an extraordinary and compelling reason for Brown's release. Brown is relatively young (35 years old), and while the court does not doubt that Brown's asthma impacts his life, the CDC's data collection shows that while

---

[1] Brown also submitted a supplement to his motion (CCB-18-278, ECF 337) which the court has considered.

[2] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 323–24 (D. Md. 2020) (citing cases).

moderate-to-severe asthma "can make you more likely to get severely ill from COVID-19," *see COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021), the scientific evidence supporting that conclusion is, at this time, "mixed, *see COVID-19: Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021). Absent evidence of other underlying conditions that make Brown particularly vulnerable to COVID-19, the court does not believe Brown's asthma alone is grounds for compassionate release. *See United States v. Hicks*, No. CR JKB-18-252, 2020 WL 5076952, at *2 (D. Md. Aug. 27, 2020) (holding that a defendant's "self-reported asthma and hypertension . . . do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief"); *United States v. Wiggins*, No. CR ELH-13-512, 2020 WL 4436373, at *6 (D. Md. Aug. 3, 2020) (declining to find defendant's mild asthma during the COVID-19 pandemic was an extraordinary and compelling reason for compassionate release).[3]

The court acknowledges Brown's concern regarding conditions and services at FCI Cumberland and appreciates that he is doing well with his programming. But in light of the court's conclusion that Brown's underlying condition does not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction, the court also finds that those circumstances do not provide grounds for Brown's sentence to be reduced.[4]

---

[3] Unpublished opinions are cited for the soundness of their reasoning rather than any precedential value.
[4] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.

Accordingly, Brown's motion for compassionate release (CCB-12-395, ECF 50; CCB-18-278, ECF 333) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this __19th__ day of May, 2021.

                                                               /S/
                                                           Catherine C. Blake
                                                           United States District Judge